The document below is hereby signed.

Signed: January 6, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROSEWITHA R. SHELTON, | ) | Case No. 15-00460 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION AND ORDER
GRANTING MOTION FOR RULE 2004 EXAMINATION

The debtor scheduled NorSouth Construction Company of Georgia, Inc., as a creditor but now says she mistakenly scheduled that entity as a creditor. NorSouth holds a judgment against the debtor's company, Shelton Federal Group, LLC. If that company transferred assets to the debtor in a fraudulent conveyance, NorSouth might have a claim against the debtor. The debtor objects to an examination on the basis that it will be an attempt to identify assets of Shelton Federal Group, LLC, from which NorSouth can collect the judgment against that entity. I overrule that objection:

- NorSouth does not believe that it is a creditor of the debtor, but it is entitled to ascertain whether

>  transactions between the debtor and Shelton Federal Group, LLC, have given rise to a claim against the bankruptcy estate of the debtor or whether there is any other reason why it may have a claim against the estate.
>
> - If (and only if) the examination reveals that the debtor owes NorSouth a debt, NorSouth shall be entitled to further examine the debtor regarding the dischargeable or nondischargeable character of the debt and any other matters relating to the debtor's entitlement to a discharge, the bankruptcy estate, and the administration of the bankruptcy case.[1]

If the examination strays beyond these permitted purposes, the debtor may object to the offending questions and seek a protective order.

The motion asks the court to order the debtor "to produce the documents and things described in Rule 2004 for inspection and/or copying" but the motion fails to list any documents or things that NorSouth seeks to examine. NorSouth will be permitted to subpoena materials, but the debtor will be entitled to raise timely objections to the production of the same.

---

[1] If the examination does not reveal a basis for NorSouth to assert that it has a claim against the bankruptcy estate, NorSouth is not entitled, as would be a creditor of the debtor, to inquire into the administration of the case.

It is thus

ORDERED that the debtor shall appear for an examination pursuant to Federal Bankruptcy Rule 2004(d) in the offices of Gelber & Associates, PLLC, at 201 Park Washington Court, First Floor, Falls Church, Virginia 22046, at a reasonable time specified by counsel for NorSouth Construction Company of Georgia, Inc., on at least 14 days' written notice.  It is further

ORDERED that counsel for NorSouth Construction Company of Georgia, Inc., may issue a subpoena for the debtor to bring to the examination designated materials, including any electronically stored information in a form specified by the subpoena, for examination and copying, with the debtor entitled to raise timely objections pursuant to Fed. R. Civ. P. 45(d)(2)(B) to the production of such materials.

[Signed and dated above.]

Copies to: All entities on BNC mailing list.